IN THE UNITED STATES BANKRUPTCY
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : CHAPTER 7 |
| GRADY CLARK CUNNINGHAM JR. | : |
| DEBTOR(S) | : BANKRUPTCY NO. 14-15010 |
| SEAN LOUCAS, JAMES SCHWAR AND KRISTY SCHWAR, | : |
| PLAINTIFF(S) | : |
| VS. | : |
| GRADY CLARK CUNNINGHAM, JR. | : |
| DEFENDANT(S) | : ADVS NO. 14-375 |

# OPINION SUR
# ORDER OF FEBRUARY 4, 2015

*Introduction*

On February 4, 2015 this Court entered a bench order granting Debtor's Motion for Summary Judgment. The effect of that order was to dismiss this adversary proceeding against him.[1] On February 18, the Plaintiff filed a Notice of Appeal which was amended five days later. In accordance with L.B.R. 8001-1(b), this written opinion is filed in support of the Court's February 4 Order.

---

[1] The adversary proceeding sought a declaration of non-dischargeability of a debt and was, therefore, within this Court's core jurisdiction. See 11 U.S.C. § 157(b)(2)(I).

*Background*

The Plaintiffs filed this adversary proceeding against the Debtor seeking to have their claims against him excepted from his discharge. The Debtor filed an Answer to the Complaint opposing the relief. The pleadings having been closed, the Court entered a Pre-Trial Order which governed discovery and pretrial motions.

During the pre-trial phase of this litigation, the Debtor propounded discovery upon the Plaintiffs. That discovery consisted of a set of interrogatories, a request for production of documents, and a request for admissions. The Plaintiffs do not appear to have propounded discovery of their own but instead moved directly for summary judgment. The Debtor responded to the Plaintiffs' Motion and indicated an intention to file his own summary judgment request; however, Debtor planned to base his motion on evidence obtained in discovery. The discovery requests served upon the Plaintiff remained unanswered, however, and so the Debtor sought an extension of the discovery deadline set forth in the Pre-Trial Order. The Court granted that request. When the Plaintiffs did respond to Debtor's discovery, Debtor considered it incomplete and filed a Motion to Compel. At the same time, the Debtor proceeded to file his Motion for Summary Judgment.

On January 7, 2015, the Court convened a Pre Trial conference. The Court's purpose in scheduling that conference was two-fold. First, it was the Court's intention to inform the parties that given the differences in factual allegations, the matter was not well-suited for summary judgment. That discussion, however, could not occur because the Plaintiffs' counsel, without explanation, failed to appear. The other reason for the

conference was to address the Debtor's Motion to Compel. Because that motion had never been opposed, the Court granted it.

On February 4, 2015 the Court heard argument on the two summary judgment motions. This time counsel for both parties appeared, however, the attorney appearing on behalf of the Plaintiffs (Mr. Santoro) informed the Court that he himself was not counsel of record. He stated that he was the law partner of the counsel of record (Mr. Bresset) who was out of the country at the time. When asked why no one had appeared for the Plaintiffs at the January 7, 2015 hearing, Mr. Santoro stated that he knew nothing about any prior hearing, or, for that matter, any unanswered discovery requests. The Court explained to Mr. Santoro that although counsel's absence at the prior hearing had prevented it from explaining to Plaintiffs that the case seemed problematic for purposes of summary judgment, the factual lay of the land had by now changed: in specific, the Debtor had propounded requests for admissions of material facts as to which no timely response was made. Because a failure to respond to an admission request is deemed to constitute an admission, the record was now, in fact, amenable to summary judgment. After hearing the arguments from both sides, the Court entered judgment against the Plaintiffs and dismissed their complaint. On February 18, 2015, the Plaintiffs filed two notices of appeal. Five days after that, they filed an amended notice of appeal. What follows are finding of facts and conclusions of law to amplify the Court's ruling.

*Standard for Summary Judgment*

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure[1] ("Fed.R.Civ.P."). Pursuant to Rule 56, summary judgment should be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). For purposes of Rule 56, a fact is material if it might affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of demonstrating that no genuine issue of fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).

The court's role in deciding a motion for summary judgment is not to weigh evidence, but rather to determine whether the evidence presented points to a disagreement that must be decided at trial, or whether the undisputed facts are so one sided that one party must prevail as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 249-250, 106 S.Ct. at 2511-12. In making this determination, the court must consider all of the evidence presented, drawing all reasonable inferences therefrom in the light most favorable to the nonmoving party, and against the movant. *See Halsey v. Pfeiffer*, 750 F.3d 274, 287 (3d Cir. 2014)

To successfully oppose entry of summary judgment, the nonmoving party may not simply rest on its pleadings, but must designate specific factual averments through the use of affidavits or other permissible evidentiary material that demonstrate a triable

---

[1] Made applicable to adversary proceedings by B.R. 7056.

4

factual dispute. *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553. Such evidence must be sufficient to support a jury's factual determination in favor of the nonmoving party. *Anderson, supra,* 477 U.S. at 250, 106 S.Ct. at 2511. Evidence that merely raises some metaphysical doubt regarding the validity of a material fact is insufficient to satisfy the nonmoving party's burden. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986). If the nonmoving party fails to adduce sufficient evidence in connection with an essential element of the case for which it bears the burden of proof at trial, the moving party is entitled to entry of summary judgment in its favor as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53.

*Arguments*

The Debtor's argument is based on his request for an admission as to his mental state at the time of the injury suffered by Plaintiffs. His requests for admissions specifically asked Plaintiffs to admit, *inter alia*, that Debtor lacked the requisite intent to establish willful and malicious injury on his part. Neither that request, nor any other, was ever timely responded to. As a result, says Debtor, the request is deemed to be admitted. In turn, argues the Debtor, this establishes that the Plaintiffs cannot prove a non-dischargeability claim under § 523(a)(6).

Plaintiffs' rejoinder is likewise predicated on a rule of procedure. But instead of relying on a specific rule, they ask the Court to invoke common law rules of preclusion. They maintain that a prior state court judgment entered in their favor and against the Debtor bars him from contesting their dischargeability claim. Plaintiffs are relying not on the judgment itself, but on certain "findings" made by the state court in support of that

5

judgment. Those findings, they assert, prove the cause of action for non-dischargeability of a debt caused by willful and malicious injury. In short, Plaintiffs ask this Court to estop the Debtor from disputing the allegation that he possessed the intent to harm.

*Collateral Estoppel*

Because the prior ruling was made by a state court and was based on state common law, the law of that forum is controlling here. *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 145 (3d Cir.1999) (restating the general federal rule that the preclusive effects of prior cases are determined by the law of the prior forum). Plaintiffs' motion seeks to invoke collateral estoppel. In Pennsylvania, the following elements must be present for collateral estoppel to apply:

> (1) the issue decided in the prior adjudication is identical with the one presented in the latter action;
> (2) there was a final judgment on the merits;
> (3) the party who is to be estopped was a party or in privity with a party to the prior adjudication; and,
> (4) the party who is to be estopped had a full and fair opportunity to litigate the issue in question in the prior action.

*Cromartie v. Pennsylvania Bd. of Prob. & Parole,* 680 A.2d 1191, 1197 n. 12 (Pa.Cmwlth.1996). The trial court has broad discretion to determine if collateral estoppel should apply. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329, 99 S.Ct. 645, 651 (1979)

*Identity of Issues*

Both the state law action and this adversary proceeding plead a cause of action for an intentional tort. The state law complaint pleads assault and battery, while this

6

action alleges willful and malicious injury. The former is more specific than the latter; even so both involved the same state of mind, i.e., scienter. The issue which was before the state court is sufficiently similar to that which is before this court now.

*Opportunity to Litigate*

Finding the second and third elements to also be established, what remains is the last element: whether the Debtor had a "full and fair opportunity to have litigated the question." As the Pennsylvania Supreme Court has explained:

> If the parties to an action have had an opportunity to appear and be heard in a prior proceeding involving the same subject matter, all *issues of fact* which were actually adjudicated in the former action and essential to the judgment therein are concluded as between the parties *even though the causes of action in the two proceedings are not identical.*

*Frog, Switch & Mrg. Co. v. Penn. Human Relations Comm'n*, 855 A.2d 655, 661 (Pa.Cmwlth, 2005) citing *Pilgrim Food Products Company v. Filler Products, Inc.,* 393 Pa. 418, 422, 143 A.2d 47, 49 (1958) (emphasis added.) *See also Schubach v. Silver,* 461 Pa. 366, 377, 336 A.2d 328, 334 (1975) (stating that "for the doctrine of collateral estoppel to apply it must appear that the *fact or facts at issue* in both instances were identical; that these facts were essential to the first judgment and were actually litigated in the first cause.") (emphasis added); see also Restatement (Second) Judgments § 27 ("When an *issue of fact* or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, *whether on the same or a different claim.*") (emphasis added.)

7

What constitutes an opportunity to litigate is not always clear. Here, the judgment is based on findings, but those findings are set forth not in a written opinion, they consist, instead, of a brief order with footnotes. The weight to accord such "findings" presents an issue. In such situations, courts have employed either of two methodologies:

> The first methodology, most commonly employed in cases in which the first court made no specific findings (such as a trial that culminated in a jury verdict), might be described as a "deductive" approach. In this approach, the bankruptcy court starts with the ultimate conclusions of the first court (which usually are not in dispute)—for example, that the court entered judgment in the creditor's favor on a particular cause of action. The court next attempts to reconstruct inferentially the necessary foundations of the prior decision. If that reconstruction process is successful, the court then compares those foundational elements of the prior court ruling to the statutory elements of the § 523(a) nondischargeability asserted by the plaintiff. This reasoning process may involve a purely legal analysis, *e.g.,* a comparison of the necessary elements of the claim litigated in the first proceeding with the elements of the bankruptcy nondischargeability claim. Or, the bankruptcy court may consider additional materials from the first proceeding, such as pleadings, briefs and jury instructions, in an effort to ascertain what issues were actually litigated before and necessarily decided by the prior court (and, if the issues were mixed fact-law questions, the legal standard employed by the court). If the court is able to determine that particular issues were actually and necessarily litigated in the prior proceeding—be they fact issues or mixed fact-law issues—and concludes that they are identical to the issues in the bankruptcy proceeding, then relitigation of those issues will be precluded.
>
> A second methodology, usually employed when the prior tribunal made express findings of fact and conclusions of law, distinct from the process described above, involves what might be characterized as an "inductive" rather than a "deductive" approach. By dropping down one level and focusing on the specific findings (particularly, findings of historical fact) in the prior proceeding that are entitled to

8

> preclusive effect, under the inductive approach, the court evaluates whether the preclusive facts, considered in the aggregate, establish any or all of the elements of a § 523(a) claim.

*In re Kates*, 485 B.R. 86, 102-103 (Bkrtcy.E.D.Pa. 2012)(citations omitted).

In the instant case, the Court is confronted with a record which more clearly invites resort to the second methodology. The state court judgment, while sparse, was entered by the trial court judge and contains certain findings. In particular, the court based its award of punitive damages on a finding that the Debtor's conduct was "outrageous." Plaintiffs maintain that a finding of outrageousness is no different from the willfulness and maliciousness requirement of Code § 523(a)(6). As a result, they conclude, the Debtor is precluded from denying that his conduct was willful and malicious in this proceeding.

However, whether or not the two states of mind are the same, the Court is not persuaded that this "finding" of outrageousness constitutes "actual litigation" of that question. While that finding was apparently based on the Plaintiffs' testimony, only the Plaintiffs presented a case, and while the state court deemed the testimony credible, the testimony was never tested by cross examination. *See In re Hashem*, 2000 WL 1480274, at *5 (Bkrtcy.E.D.Pa. Sept. 29, 2000) (deeming cross examination of the relevant evidence to constitute actual litigation of that same issue). Moreover, the Debtor's failure to appear at the bench hearing does not appear to have been motivated by negligence or bad faith. *See In re Docteroff*, 133 F.3d 210, 215 (3d Cir. 1997) (applying collateral estoppel to preclude debtor from disputing fraud claim notwithstanding that prior action

9

resulted in default judgment where debtor engaged in bad faith, obstructionist discovery tactics) The Debtor maintains that he did not answer the complaint or appear at the trial because his former employer assured him that insurance would cover the claims against the Debtor. See Defendant's Brief in Response to Motion for Summary Judgment, 2. Importantly, there is no indication that the Debtor possessed the legal sophistication to know whether the employer's representation should have been relied on. When it appeared to him that that his employer's representation that insurance would protect the Debtor was not true, the Debtor retained counsel and began defending himself. The issue of "willfulness" can hardly be said to have been actually litigated in state court. To the contrary, while the hearing may not have resulted in a default judgment as a matter of law, it did for all practical purposes. Put differently, the state court hearing clearly lacked the hallmarks of an adversarial dispute sufficient to allow the inference that the pivotal question was "actually" litigated.

*The Equities*

Even assuming that the question of the Debtor's state of mind had been contested, however, there are exceptions to the doctrine of collateral estoppel. On this point, the Restatement (Second) of Judgments provides:

> Although an issue is actually litigated and determined by a
> valid and final judgment, and the determination is essential
> to the judgment, relitigation in a subsequent action between
> the parties is not precluded [if][t]here is a clear and
> convincing need of a new determination of the issue ...
> because the parties sought to be precluded, as a result of
> the conduct of his adversary *or other special circumstances*,
> did not have an adequate opportunity *or incentive* to obtain a
> full and fair adjudication in the initial action.

*Rest. Second Judgments* § 28(5)(c) (emphasis added).[2] This exception is to be applied sparingly. See *In re Braen*, 900 F.2d 621, 628 (3d Cir. 1990) abrogated on other grounds by *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654 (1992)(cautioning that the instances in which subsection (5) justify an exception to preclusion "must be the rare exception and only when the need for a redetermination of the issue is a compelling one.") Here, the Court deems the proffered explanation for why the Debtor did not appear to be compelling: he explained that his employer told him that the business's insurance would cover the Plaintiff's claim. There is no evidence which contradicts this and there is no indication that his belief was not well-founded. For that reason, too, the Court finds that the issue of the Debtor's mental state was not actually litigated for preclusion purposes. The Debtor is, therefore, free to dispute the allegation that he acted with the requisite scienter.

*Debtor's Motion*

Having concluded that the record does not preclude the Debtor's right to defend himself, the Court turns to Debtor's argument that the Plaintiffs cannot establish willful or malicious injury on his part. That is the premise of the Debtor's summary judgment request. That motion is based on evidence obtained in discovery. Specifically, it relies on requests for admissions as to certain elements of Plaintiffs' case. Those requests were not timely answered, denied, or otherwise responded to. As a result, concludes Debtor, the matter to which the requests for admissions were made now constitutes facts in the record. Those

---

[2] Pennsylvania courts have adopted this Restatement provision. *In re Webb*, 2015 WL 515380, at *3 (Bkrtcy.M.D.Pa. Feb. 6, 2015)

11

facts, says the Debtor, are dispositive as to the Plaintiffs' inability to prove a prima facie case for willful and malicious injury.

*Applicable Rule*

Rule 36 of the Federal Rules of Civil Procedure[3] provides that in discovery a party may request certain admissions:

> **(a) Scope and Procedure.**
>
> **(1) *Scope.*** A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> **(A)** facts, the application of law to fact, or opinions about either; and
>
> **(B)** the genuineness of any described documents.

F.R.C.P. 36(a). The purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested. *United Coal Companies v. Powell Const. Co.*, 839 F.2d. 958, 967 (3d Cir. 1988). Rule 36 is not a discovery device, but rather "a procedure for obtaining admissions for the record of facts already known." *Ghazerian v. U.S.*, 1991 WL 30746, at * 1 (E.D.Pa. Mar. 5, 1991) (citations omitted).

As to the form of the request, the rule provides that "[e]ach matter must be separately stated." F.R.C.P 36(a)(2). Where it is a fact to be admitted, the statement of the fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." *Zen Investments, LLC v. Unbreakable Co.*, 2008 WL 4489803, at *1 (E.D.Pa. Oct. 7, 2008) citing *Havenfield Corp. v. H & R Block, Inc.*, 67 F.R.D. 93, 96 (W.d.Mo. 1973). "A request for an admission, except in a most unusual circumstance, should be such that it could be answered yes, no, the answerer does not know, or a very simple direct explanation

---

[3] Made applicable to adversary proceedings by B.R. 7036.

given as to why he cannot answer, such as in the case of privilege." *Johnstone v. Cronlund,* 25 F.R.D. 42, 46 (E.D.Pa.1960). "Rule 36(a) should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation." *Id.* at 45.

As to the substance of a request to be admitted, the request must pertain to facts or the law as it applies to the facts of the case. In this district, requests for admissions "are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case." *First Options of Chicago, Inc. v. Wallenstein,* No. 92–5770, 1996 WL 729816, at *3 (E.D.Pa. Dec.17, 1996) (citations omitted). That position has been slightly altered to provide that Requests for Admission calling for conclusions of law and relating to facts of the case are "properly objectionable" when they call "for a conclusion of one of the ultimate issues in the case." *Ghazerian, supra*, at * 2. "It would be inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts." *Disability Rights Council of Greater Washington v. Washington Metropolitan Area Transit Auth.,* 234 F.R.D. 1, 3 (D.D.C.2006) (citations omitted).

Below are the six requests for admission which the Debtor propounded upon the Plaintiffs:

> Request 1.
> You are requested to admit that at no time during the incident which is subject to litigation did Grady Cunningham possess or control a firearm.
>
> Request 2.
> You are requested to admit that, other than your word, you have no evidence that Grady Cunningham touched, let alone, assaulted you.

> Request 3.
> You are request to admit that you have no evidence of Grady Cunningham's mental state regarding the incident which is subject to this litigation.
>
> Request 4.
> You are requested to admit that with respect to this lawsuit, you contend and claim that Grady Cunningham willfully and maliciously injured you.
>
> Request 5.
> You are requested to admit that the under applicable federal law, if it were determined that Grady Cunningham did not willfully or maliciously injure you that the underlying debt would be dischargeable in bankruptcy.
>
> Request 6.
> You are requested to admit that under the applicable law, the bankruptcy court is not bound by the finding of the state court regarding the incident which is subject to this litigation.

See Defendant's Motion for Summary Judgment, Ex. A, Request for Admissions.

The first three requests involve straightforward factual allegations: that the Debtor never possessed a firearm at the time of the incident; that the Plaintiffs have no witnesses other than themselves who would testify that Debtor touched or assaulted them; and that they have no proof as to what his mental state was at that time. These are appropriately made admissions requests.

The fourth request is somewhat unclear. It does not request that a fact be admitted; rather, it asks that Plaintiffs confirm their legal theory. That is, that the Debtor willfully and maliciously harmed them. The reason for this request can be discerned after reading the complaint. While physical injury is alleged therein, the complaint nowhere alleges that the debtor "willfully and maliciously" inflicted that injury upon the Plaintiffs. The request does little more than seek to clarify the cause of action. In any event, the request is redundant and did not figure into the Court's ruling.

14

Requests ## 5 and 6, on the other hand, are problematic. No. 5 is stated in the subjunctive: that if the Debtor did not willfully and maliciously injure the Plaintiffs, then their claim must be discharged. This is the most conclusory of admissions. It does not ask for any admission as to facts in dispute. Similarly, Request #6 asks Plaintiffs to admit that collateral estoppel does not apply to the Debtor's denial of the allegation as to his mental state. On the surface this might appear to be no more than applying the law to the facts; but really it is not. Rather, and this is much like Request #5, the Debtor would have the Plaintiff admit that as a matter of law judgment must be entered in the Debtor's favor. Both requests are improperly made. Thus, of the 6 requests for admissions propounded by Debtor, only the first three go to establish facts upon which the Court may rely in ruling on the Debtor's motion.

*Timing*

Having found that the Debtor propounded three requests which may be considered, the Court turns to whether Plaintiffs responded to such requests. The rule prescribes the time by which a response a request for admission must be served:

> (3) *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

F.R.C.P. 36(a)(3).

The Plaintiffs here did not respond to the Request for Admissions within 30 days from the date of service, offered no explanation as to why they did not respond, sought no relief from the time limit, failed to appear at the January 7, 2015 hearing, and then apparently proceeded to serve a belated reply without permission on January 14, 2015.

15

The Debtor contends that all of this leads to an admission of the fact alleged. The Court agrees. Subsection (b) of the rule confirms this:

> **Effect of an Admission; Withdrawing or Amending It**. A matter admitted under this rule is *conclusively established* unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

F.R.C.P. 36(b) (emphasis added). The Third Circuit has held that deemed admissions "are sufficient to support orders of summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review,* 922 F.2d 168, 176 n. 7 (3d Cir.1990) (citing *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir.1976)). Requests ## 1-3 are accordingly admitted for purposes of Debtor's Motion for Summary Judgment.[4]

*Application of Facts to Code § 523(a)(6)*

Subsection § 523(a)(6) provides that "[a] discharge under section 727 ... of this title does not discharge an individual debtor from any debt—... for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). This type of claim "generally relates to torts and not to contracts." 4 *Collier on Bankruptcy,* ¶ 523.12[1]. By its terms, it may apply to a broad range of harmful conduct.

---

[4] The Court's ruling on this point is informed by the well-established principle that exceptions to discharge are strictly construed in favor of debtors. *In re Cohn*, 54, F.3d 1108, 1113 (3d. Cir. 1995) Moreover, the Plaintiffs' almost total disregard for the rules of procedure applicable in this context does little to help their cause. In this respect the Court underscores, in particular, not only the failings noted on page 15, *supra*, but also the appearance at the summary judgment hearing of counsel possessed of an extremely limited familiarity with the history of the case. It would ill behoove our jurisprudence to countenance such unabashedly cavalier misconduct.

*Id.* To fall within this exception, the injury must have been both willful *and* malicious. *Id.* ¶ 523.12[2]. The term "willful" refers to a deliberate or intentional injury, not just a deliberate or intentional act that leads to injury. *In re Coley,* 433 B.R. 476, 497 (Bkrtcy.E.D.Pa.2010) (citing *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998)). The plaintiff must establish that the debtor "purposefully inflict[ed] the injury or act[ed] in such a manner that he is substantially certain that injury will result." *In re Conte,* 33 F.3d 303, 305 (3d Cir.1994). "Malice" refers to actions that are wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will. 4 *Collier, supra* ¶ 523.12[2]; *see also In re Wooten,* 423 B.R. 108, 130 (Bkrtcy.E.D.Va.2010) (explaining that malice does not mean the same thing for nondischargeability purposes under § 523(a)(6) as it does in contexts outside of bankruptcy: "In bankruptcy, debtor may act with malice without bearing any subjective ill will toward plaintiff creditor or any specific intent to injure same.")

This Code section requires, above all else, a particular state of mind. The Debtor must have acted with the specific purpose of harming the creditor. It must also have been done without justification. Given that Plaintiffs are deemed to have been admitted that they have no evidence as to the Debtor's state of mind when they suffered their injuries, it is perforce impossible for them to establish that the Debtor acted with the requisite state of mind. Accordingly, their request to except their claim from discharge must be denied.

*Conclusion*

Because the Court does not find that the prior state court ruling is entitled to preclusive effect, the Plaintiffs' Motion for Summary Judgment is denied. Conversely, the Plaintiffs' failure to have responded to the Debtor's Requests for Admission under the circumstances presented furnishes a sufficient evidentiary basis to hold that Plaintiff cannot prove a non-dischargeability claim against the Debtor under Bankruptcy Code § 523(a)(6). Accordingly, the Debtor's Motion for Summary Judgment is granted.

By the Court:

Stephen Raslavich
United States Bankruptcy Judge

Dated: March 4, 2015